## THE MARIO MARIOFEL.

(District Court, S. D. Florida. May 31, 1918.)

SEAMEN ⊗⇒28—SHARE IN EARNINGS—SUPPLIES.

Where cruise is made on agreement for sharing in net earnings, the owner of the boat, being a merchant, and furnishing the supplies, may charge the market price, and need not furnish goods from his store at cost, or give the crew the benefit of trade discount in purchase from other merchants.

In Admiralty. Libel by George Calamakis against the schooner Mario Mariofel. Decree for libelant.

James B. Gibson, Jr., of Tampa, Fla., for libelant.
Macfarlane & Chancey, of Tampa, Fla., for respondent.

CALL, District Judge. The facts as they appear from the evidence may be stated as follows: The libelant, with others, agreed to go on a sponging cruise, each of the crew to receive a proportion of the net results of such cruise; the proceeds to be divided into 21 shares, the boat to receive 5 shares, the libelant 1½ shares, and the others of the crew different numbers of shares, according to the labor performed by each. After the termination of the voyage and the sale of the sponges, a division clerk was appointed, who audited the accounts for supplies, etc., and made the division among the crew, which was accepted by all, except the libelant, as satisfactory. There seem three points on which the libelant was dissatisfied:

1. He claims the proceeds were to be divided into 19½ shares, instead of 21. The number of shares seems to have been understood by all the others interested in the eventure to have been 21, and therefore, from the evidence, I find that 21 was the number agreed upon.

2. He objects to an expense of $150 deducted from the gross proceeds paid to an oarsman for service on the voyage. It appears peculiar that libelant should have been the only member of the crew who was ignorant of this arrangement. If there had been others, undoubtedly their testimony would have been produced. In the division this $150 was added to the expenses of the voyage, and the remaining proceeds divided into 19¾ shares, instead of 21. Oarsmen's shares seem to have been always 1¼, and, the oarsman having been paid $150 unconditionally, instead of a share, the share he would have drawn ordinarily was, it seems to me, properly subtracted from the 21 shares into which the proceeds were to be divided under the original agreement.

3. He objects to $50 charged as paid to a negro. The testimony is such on this item that I cannot find it was a proper or necessary expense of the voyage.

He also objects to the bill for supplies furnished the vessel. The testimony in regard to these seems to me to support the charges. I gather from the testimony that the owner of the boat was a merchant at Tarpon Springs, furnishing the supplies from his stock, such as he had, and purchasing from others such as he did not have. It is well known that merchants purchasing from others receive what is called a trade discount, so as to permit them to supply their customers at a profit to themselves. Now, the testimony shows that the articles, whether purchased from the store of the owner or procured from other merchants, were furnished to the boat at the market price. This is all that the crew could reasonably require. They would have no right to demand or expect that the owner should furnish goods from his store at cost, nor give them the benefit of any trade discount received by him in the purchase of other articles from other merchants.

The account may be stated as follows:

| | | |
|---|---:|---:|
| Expense for supplies | | $1,065.40 |
| Wages to oarsman | | 150.00 |
| Wages to Salvadon | | 20.00 |
| Wages to division clerk | | 6.50 |
| Total of expense | | $1,241.90 |
| Total proceeds of sale | $2,734.06 | |
| Amount to be divided | | $1,492.16 |
| Libelant's share | $94.44 | |
| Supplies furnished | 66.95 | |
| Amount libelant is entitled to | $27.49 | $27.49 |

A decree will be entered for this amount in favor of the libelant, with interest at the rate of 6 per cent. from October 3, 1916, and the costs of this proceeding.

Respondent could have, under rule 41 (c) of the Admiralty Rules, relieved himself of the costs and interest subsequent to filing his answer, had he seen fit to do so. But this he did not do, and therefore the interest and costs must be decreed against it.

It will be so decreed.